IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**GLORIA J. ZAMORA and KAREN SCOTT,**

        Plaintiffs,

v.                                                                                          12cv516 MV/RHS

**SANDIA CORPORATION**,

        Defendant.

**ORDER DENYING DEFENDANT SANDIA CORPORATION'S
MOTION TO COMPEL RETURN OF PRIVILEGED DOCUMENTS**

THIS MATTER comes before the Court on Defendant Sandia Corporation's ("Sandia") Motion to Compel Return of Privileged Documents (Doc. 72). The Court has now considered the Motion, Plaintiffs' Response (Doc. 80), Sandia's Reply (Doc. 82) as well as all of the pleadings on file in the above-captioned and concludes that the motion is not well-taken and should be denied.

**Factual Background**

The issue before the Court is factually unique. There are two documents which are the subject of the motion. The first is an October 10, 2002 memo from Sandia Attorney Marianne Hill to Donald Blanton re: Equal Pay Act Analysis ("EPA Memo"). The second is a December 16, 2002 email from Sandia Attorney Marianne Hill to Donald Blanton and Pace Vandevender re: Legal Analysis on Job Classification Issue ("Job Classification Issue"). Both of these documents are marked "privileged" and "confidential."

There are several incidents involving the privileged documents over the course of more than a decade.  First, Plaintiff Zamora asserts that she obtained the documents in 2003 or 2004,

which was long before the present litigation. The parties dispute what occurred in this time frame and have submitted sworn declarations with divergent recollections as to how Plaintiff Zamora obtained the two memoranda in question. Second, in December 2010, Plaintiff Zamora shared the documents with Karl Braithwaite, who was then her supervisor. Sandia does not dispute this and Sandia did not make any efforts to assert any privilege or seek return of the documents. Third, in October 2011, Plaintiff Zamora met with Sheri Kennard in Human Resources and shared the documents with her. Ms. Kennard in turn notified Marianne Hill, in house counsel for Sandia, and author of the documents. Sandia does not dispute these facts and did not take any steps to assert privilege or request that the documents be returned. Fourth, in October 2012, Plaintiff Zamora, disclosed her possession of the documents to Sandia's litigation counsel for the present case through her initial disclosures and Sandia requested, for the first time, that the documents be returned because of their privileged status (Doc. 80-1 at 5). Plaintiff Zamora responded to that request and made clear her intent to use the documents in litigation (Doc. 80-1 at 7). The pending motion asserting privilege and requesting return of the documents was not filed until September 2013, eleven months after litigation counsel was on notice that Plaintiff Zamora possessed the documents and intended to use them to pursue her claims.

## Applicable Law & Analysis

The parties agree that the documents in question were privileged. The legal dispute focuses on whether the privilege has been waived, therefore the Court only considers the law regarding waiver. For the purposes of this Motion, the Court does not consider the 2003 or 2004 document disclosure and considers only the more recent incidents in 2010, 2011 and 2012. The Court finds that any waiver that occurred during those years was involuntary, and therefore further limits the analysis to involuntary waiver.

To determine if involuntary waiver occurred during the incidents in 2010, 2011 and 2012, the Court employs a three-prong test: (1) the specificity with which the material is identified as privileged, (2) the expediency by which the party asserting the privilege notifies their adversary, and (3), the expediency by which the party asserting privilege seeks judicial action.  See United States v. Ary, 518 F. 3d 775, 783 (10th Cir. 2008).  "Identification of protected material must occur in a timely fashion."  United States v. Ary, 518 F. 3d 775, 784 (10th Cir. 2008).  Furthermore, "a reasonable person seeking to assert the work-product doctrine would not only inform his adversary, but also seek judicial determination."  Ary at 784 (internal citation omitted).  In addition to timing, the "key is that the party seeking protection must treat the document or communication as confidential.  When a party delays in asserting protection, however, the adverse party is free to continue to use the material, thereby negating its confidential character."  Ary at 784 (internal citation omitted).

Here, Sandia satisfies the first prong because it has very specifically identified the material that is privileged.  However, Sandia fails on the second and third prong because of the delay in taking action once it became clear to counsel that Plaintiff Zamora possessed privileged documents.  In October 2011, Sandia's in-house counsel was informed that Plaintiff Zamora had the documents and that the documents had been shared with numerous individuals who were not the original recipients of the memoranda.  It is undisputed that Sandia's attorney did not take any action in October 2011 or the year following to assert that the documents were privileged and should be returned to Sandia.  An attorney, through actions taken or not taken, can waive the privilege.  Santa Fe Pac. Gold Corp. v. United Nuclear, 2007-NMCA-133, ¶ 36.  The Court concludes that the privilege was waived when Sandia's attorney knew that Plaintiff Zamora possessed the documents and Sandia did not timely request their return.

The Court also notes Sandia attempts to hide behind a corporate veil.  In the Motion and Reply, Sandia argues who in its very large organization could not have waived any privilege, voluntarily or involuntarily.  However, Sandia has not clearly stated who could have waived the privilege on behalf of the organization and whether such individuals would even be aware of Plaintiff Zamora's claims, leaving the Court to wonder who would have authority to act on Sandia's behalf.  Sandia, in essence, argues that the individuals who were so high-ranking that they were the intended recipients of privileged communications from counsel were at the same time so low-ranking in the organization that they could not waive the privilege related to the documents intended for their receipt.  It is not persuasive to argue that a corporate entity can have it both ways, and continue to claim privilege over documents that it shared with individuals who do not have the power to waive privilege.

The Motion is denied, but without prejudice for Defendant to file a motion in limine before the trial court regarding the documents in question.

_Robert Hayes Scott_
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE