IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**GLORIA J. ZAMORA**
**and KAREN SCOTT,**

      Plaintiffs,

v.                                      12cv516 MV/RHS

**SANDIA CORPORATION**,

      Defendant.

## ORDER GRANTING MOTION TO COMPEL

THIS MATTER comes before the Court on Plaintiffs' Second Motion to Compel Discovery, Request for Expedited Treatment & Request for Sanctions (Doc. 96). The Court has considered Defendant's Response (Doc. 98), Plaintiff's Reply (Doc. 108), and the relevant law, and concludes that the motion is well-taken and will be granted in part consistent with the Court's previous Order (Doc. 62) requiring Defendant to produce documents pursuant to Request for Production No. 17 on or before October 1, 2013.

Plaintiffs requested that Defendant "produce all reports, analyses, studies, etc., of pay and pay disparities prepared by or for Sandia since 2001." Defendant objected due to relevancy and argued that the request was overly broad and unduly burdensome. However, Defendant responded that it would provide "reports, studies and analyses of pay disparities" (Doc. 96-1 at 1). Defendant did not provide the information requested pursuant to Request for Production No. 17, and Plaintiff moved to compel. On October 1, 2013, this Court issued its Order on Plaintiff's First Motion to Compel (Doc. 49). The Order (Doc. 62) states, in pertinent part:

> REQUEST NO. 17: Plaintiffs seek information concerning their allegations of pay disparity and Defendant objects as to the scope of time on relevance grounds. The Court orders that lab-wide reports of any pay disparities in all organizations

of Defendant be produced.  By ordering production, this Court does not decide admissibility at trial.

After the Court's order, Defendant supplemented its response to Request for Production No. 17 and for the first time asserted that responsive documents were protected by attorney-client privilege.  First, Defendant waived any claim to attorney-client privilege by not asserting the privilege in a timely fashion.  Furthermore, Defendant has not provided any good cause for (Doc. 98 at 6) for failing to do so.

Second, the documents are not privileged, as evidenced by Defendant's privilege log. Despite asserting attorney-client privilege, the "to/recipient" and "from/prepared by" is blank for every single entry on the 8 page privilege log.  Without confirmation that the documents were exchanged between attorney and client, it is impossible to maintain that the documents are privileged for any reason.  The fact that Defendant contends that the documents were spreadsheets rather than memos or emails is not a persuasive reason to excuse the blanks on the privilege log.  Defendant bases its assertions of privilege on the argument that an attorney requested that the analyses be performed.  However, there is not any evidence that an attorney created or even viewed the documents for which privilege is sought.  Therefore, the Court grants the Motion to Compel and orders that Defendant produce responsive documents, including but not limited to, the bulleted list in the Motion (Doc. 96 at 6-7).

The Court denies the request for expedited treatment.  Plaintiff has not provided any reason in the Motion for expedited treatment and counsel agreed on an extension of time for Plaintiff to file a reply (Doc. 99), which indicates to the Court that expedited treatment was not necessary.  The Court also declines to impose sanctions for discovery abuses and failure to comply with the Court's previous order, at this time, but reserves jurisdiction to impose sanctions if the parties are not able to amicably resolve the discovery dispute.

IT IS THEREFORE ORDERED that Defendant produce documents responsive Request for Production No. 17 on or before Wednesday, April 16, 2014.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE